IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN A. WESTOVER,

    Plaintiff,               No. CIV S-06-1336 LKK GGH P

    vs.

DOCTOR DOUST, et al.,

    Defendants.         <u>ORDER</u>

_____/

        On September 19, 2006, the court ordered the U.S. Marshal to serve defendants Doust and Sawicki with the original complaint. On November 20, 2006, defendants filed an answer.

        On September 14, 2006, plaintiff filed an amended complaint. Defendants Doust and Sawicki are again named as defendants. The allegations against these defendants are identical to the allegations against them in the original complaint. Plaintiff also lists R.L. Andreasen, Dr. Khoury, N. Grannis and Donahue as defendants. However the amended complaint contains no specific allegations against these defendants.

/////

/////

1

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Andreasen, Khoury, Grannis and Donahue to the alleged deprivations, the court will not order service of the amended complaint on these proposed new defendants.

Because the allegations against defendants Doust and Sawicki are the same as those contained in the original complaint, the court will not order them to answer the amended complaint.

/////

1  Accordingly, IT IS HEREBY ORDERED that the amended complaint filed
2  September 14, 2006, is dismissed.
3  DATED: 12/22/06                               /s/ Gregory G. Hollows
4                                                GREGORY G. HOLLOWS
                                                  UNITED STATES MAGISTRATE JUDGE
5
6
7  west1336.ord