IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN A. WESTOVER,

    Plaintiff,                    No. CIV S-06-1336 LKK GGH P

   vs.

DOCTOR DOUST, et al.,

    Defendants.           ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel filed April 13, 2007. To put plaintiff's motion in context, the court will summarize plaintiff's claims.

       This action is proceeding on the original complaint filed June 16, 2006. The defendants are Dr. Doust and Dr. Sawicki. Plaintiff alleges that he had an infection in his foot that improved when he was given rocephin. Defendant Doust discontinued the rocephin, told plaintiff that the infection was HIV related and that his foot would have to come off. Defendant Sawicki also agreed that the foot would have to come off. Plaintiff finally gave in to the proposed amputation because the pain was unbearable.

       In the pending motion to compel, plaintiff seeks further responses to interrogatories nos. 4, 6 and 7 addressed to defendant Sawicki, and interrogatories nos. 6, 7 and 9

addressed to defendant Doust.[1]  The motion to compel simply identifies the at issue discovery requests and contains no argument regarding why the responses are inadequate.  Defendants' opposition sets forth the interrogatories, responses and addresses why the responses are adequate.

Interrogatory no. 4 addressed to defendant Sawicki asks, "Is it your normal practice to just look at a foot/sore and come to such a drastic conclusion as amputation?" Defendant Sawicki objected that this interrogatory was argumentative and assumed as true facts which were not true.  Without waiving objection, defendant responded that plaintiff was referred to an infectious disease specialist for another opinion to verify if an amputation was necessary.  The court finds that defendant Sawicki's response to interrogatory no. 4 is adequate.

Interrogatory no. 6 addressed to defendant Sawicki asks, "The [sic] why was it your first choice in my case?"  Defendant Sawicki objected that the interrogatory was vague, ambiguous and incomplete.  Without waiving objection, defendant responded that amputation is not a first choice.  Defendant responded that plaintiff stated that he could not handle it anymore, his foot looked gangrenous, and defendant requested infectious disease to evaluate the condition and the need for an amputation.  The court finds that defendant Sawicki's response to interrogatory no. 6 is adequate.

Interrogatory no. 7 addressed to defendant Sawicki asks, "Why did you not try surgery and drainage first?"  Defendant Sawicki objected that the interrogatory was argumentative and assumed facts which were not true.  Without waiving objection, defendant answered that he requested infectious disease to evaluate the effect of the infection to see if amputation was indicated.  The court finds that defendant Sawicki's response to interrogatory no. 7 is adequate.

/////

---

[1] The motion to compel states that plaintiff is seeking further responses to interrogatories nos. 6, 7 and 9 as to both defendants.  However, it is fairly clear that at-issue interrogatories 6, 7 and 9 (as opposed to 4, 6 and 7) were addressed to defendant Doust only.

1   Interrogatory no. 6 addressed to defendant Doust asks, "Why did you let the pain
2   get so bad and overwhelming?"  Defendant Doust objected that the interrogatory was vague and
3   ambiguous, argumentative and assumed as true facts which were not true.  Without waiving
4   objection, defendant Doust responded that he did not let plaintiff's pain get so bad and
5   overwhelming.  The court finds that defendant Doust's response to interrogatory no. 6 is
6   adequate.

7   Interrogatory no. 7 asks, "Why did you make/let me suffer so much with severe
8   pain?"  Defendant Doust objected that this interrogatory was vague, ambiguous, argumentative
9   and assumed facts which were not true.  Without waiving objection, defendant Doust responded
10  that he never allowed plaintiff or any other prisoner to suffer.  The court finds that defendant
11  Doust's response to interrogatory no. 7 is adequate.

12  Interrogatory no. 9 asks, "Isn't amputation a last resort?"  Defendant Doust
13  objected that this interrogatory was vague, ambiguous, argumentative and assumed facts which
14  were not true.  Without waiving objection, defendant responded that he was involved in a
15  consultation with podiatry and orthopedic/vascular surgery.  The court finds that defendant
16  Doust's response to interrogatory no. 9 is adequate.

17  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel filed
18  April 13, 2007, is denied.

19  DATED: 6/22/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

west1336.com